THOMAS H. ELLIS, ET AL. *v.* SYLVESTER JOHNSON, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—991.]

**Preference of Creditors.**

One who in contemplation of insolvency confesses judgments in favor of some of his creditors, where no process is served upon him, thereby commits such an act as will result in assigning all his property for the benefit of all his creditors.

**Dower in Partnership Property.**

Partnership property is subject to the partnership debts before the claim to dower or homestead can be successfully asserted.

**Guardian and Ward—Trust Fund.**

Where a guardian invests his ward's money in the assets of a partnership of which he is an individual partner, the money, being in the nature of a trust fund, where it can be traced into the real estate the equitable claim of the ward, where innocent purchasers have not intervened, is superior to that of the claims of partnership creditors.

**Tracing Trust Funds.**

Where the trust fund can be distinctly traced a court of equity will fasten a trust upon the land in favor of the persons beneficially entitled to the money.

**Waiver of Right to Assert Claim.**

An acceptance of the provisions of a will by taking a bequest under it amounts to an election to abide by the will, and will bar a recovery as against the terms of such will.

APPEAL FROM NELSON CIRCUIT COURT.

May 17, 1883.

. OPINION BY JUDGE PRYOR:

We think it unnecessary to discuss the question as to the act of insolvency by the appellant, Thomas Ellis, resulting in the transfer of the entire estate to his creditors. He voluntarily confessed judgments for large sums of money upon actions instituted during the term at which the judgments were rendered, or when there had been no service of process upon him, and all for the purpose of preferring certain creditors over others. If such were not his purpose it had that effect, and his explanation of his conduct by insisting that it was done to prevent a preference is unavailing. If his desire was to make all equal he could have accomplished it by assigning for the benefit of all, but when he undertakes to confess judgment as to a part of his creditors the preference plainly appears, and in his failing condition (pecuniarily) he must be regarded as having acted in contemplation of insolvency and with a design to prefer.

The entire property, except as to two parcels, involved in this controversy seems to have been the result of the partnership entered into between the father and son, and used and regarded as partnership property. It was all, therefore, subject to the partnership debts before the claim to dower or homestead can be successfully asserted. The partnership was continued after the death of the father by the express provisions of the will, and after the failure of the partnership as far as partnership creditors are concerned the homestead and dower claimed must be held subordinate to their rights. The real estate is a partnership fund for the payment of the partnership debts. It was purchased, held and used as partnership property. *Divine v. Mitchum,* 4 B. Mon. (Ky.) 488, 41 Am. Dec. 241; *Galbraith v. Gedge,* 16 B. Mon. (Ky.) 631.

The dissolution of the partnership, so far as the antecedent creditors of the firm were concerned, took place at the death of the father, and the continuation of the partnership by the provisions of his will did not affect these creditors; and the assets of the partnership then on hand were liable to the payment of the partnership debts then existing, and subsequent creditors will be postponed. This was done by the judgment below. *Hoyt v. Sprague,* 13 Otto (U. S.) 613, 26 L. ed. 585.

The claim of Mrs. Newman against the estate of her father by reason of his being her guardian was properly determined. The fact that he received the money as her guardian clearly appears, and that

he recognized her right to it by his reports to the county court and by his action in the Louisville Chancery Court, where the question was in fact definitely settled that it was her money and not that of the father. This money it appears was invested by the father in some of the realty now sought to be sold for the debts of the estate as well as the firm debts, and is the only exception made or evidence showing that this property was paid for in any other manner than out of the partnership. The report of the commissioner and evidence traces this money into this real estate; and the question is, Shall the partnership creditors take it all, by reason of their lien acquired through the partners, or has the appellee, Mrs. Newman, an equitable lien as against the partnership creditors? The fund in the hands of the guardian was in the nature of a trust fund, and where innocent purchasers have not intervened we see no reason why the equity of this appellee is not superior to that of the creditors of the partners who derive their liens through them. Where there is a misappropriation of the trust fund of the trustee, and the investment made in violation of the trust, where the trust fund can be distinctly traced a court of equity will fasten a trust upon the land in favor of the persons beneficially entitled to the money. Whatever is done by trustees in regard to trust property shall be deemed to be done for the benefit of the cestui que trust. The same principle, says Story, will apply to persons standing in other fiduciary relations to each other. 2 Story's Eq. Jur. (11th ed.), §§ 1210-1211a.

So it is evident that in equity there was an implied lien on this estate in favor of the ward for her money that had been invested in it, and the court below acted properly in giving her the preference to the extent of her lien over other creditors on the property in which the investment had been made. Nor did the court err in charging the estate with the rents of the realty conveyed to the first wife of the decedent. The conveyance was to the wife and her children, with a life estate in the wife, and at her death the title and the right of possession passed to her children, the husband having no curtesy in the property. The court, we think, erred however in giving to Mrs. Newman any lien of preference over partnership creditors in the distribution of partnership assets by reason of the rents due her by the estate. If partnership property the partners have the lien to

pay the debts of the firm, and the claim of Mrs. Newman is subordinate to their liens.

The interest of the partner can not be applied to the payment of his ward's debt to the detriment of the surviving partner or the firm creditors, and her lien by reason of the investment made of her money is maintained upon the ground of her superior equity originating from the fact of the fiducial relation of one of the partners to her and the investment of her money in this partnership real estate. As to the general estate the ward has a lien by reason of the Act of 1856.

To the extent, therefore, that the money of the appellee, Mrs. Newman, went into the property known as partnership property she has the preference. The last report by Elliott, the commissioner, on this subject was properly disregarded. He was not required to take any cognizance of this branch of the case as it had already been reported on and the report confirmed, and while the court might have again opened the case it was not done and the report made by Kelly was properly adopted. It seems that the appellee, Mrs. Newman, had instituted an action prior to the death of her father against him as guardian; that after his death a change of venue was granted to the Bullitt Circuit Court and remanded back by that court because there had been no revivor before the case was transferred, and the motion and order of transfer having been made when there was no defendant the case was rightfully sent back. After it again reached the Nelson court, or in point of fact as well as law having never left that jurisdiction, the case was dismissed as it was too late to revive. It is now urged that this is a bar to any further prosecution, upon the ground that the failure to revive within the year is a bar not only to the further prosecution of the particular action but an absolute bar to the recovery. The time of revivor is intended to apply to the particular action only and is not a limitation as to the right of recovery, and therefore the plea was properly held to be insufficient.

As to the claim of Speed and wife, it appears that this action was instituted in 1878 and that no step was taken by them to assert their claim by cross-petition until 1881, and then they asserted no such lien as is claimed by the appellee, Mrs. Newman, by reason of the investment of her funds in this real estate. She and her husband have accepted the provisions of the will and receipted for the legacy given

the wife. The will expressly makes Mrs. Speed, as well as others, devisees, in the event they do not assert any claim against the devisor or guardian. An acceptance of the provisions of the will under such circumstances will bar the recovery by Speed and wife, and besides it is manifest from this record that they were electing to abide by the will and acted under it by accepting the bequest made.

As to the property known as the Lashley property and Mattingly property we are not prepared to say that the widow is not entitled to dower in the same. The will postponing her claim to dower for five years we think ought not to bar her right, and if she claims under it she is asserting only what the will gives her. The creditors are not prejudiced by it, and in equity she should have the dower or its equivalent. As to these two pieces of property (if not partnership) we are inclined to think she has dower in the undivided half.

The judgment is therefore *reversed* as to Mrs. Newman only so far as it gives her a preference in the distribution of the partnership assets for the rents, and *reversed* as to Mrs. Ellis in so far as it denies her the right to dower in the undivided half of the two pieces of property mentioned, and is *affirmed* in all other respects on the original appeal and is *affirmed* on the cross-appeal of Speed and wife. See *Ellis v. Johnson,* 11 Ky. Opin. 868, 4 Ky. L. 614.

*Muir & Wickliffe, C. T. Atkinson, Wm. Johnson, for appellants.*

*Geo. S. Fulton, J. W. Thomas, John A. Fulton, for appellees, Newman and wife.*

*R. J. Browne, for appellee, S. Johnson.*

*John S. Kelly, for Speed and wife.*

[Cited, *New Farmers' Bank's Trustee v. Cockrell,* 106 Ky. 578, 51 S. W. 2.]